IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00102-PAB

KORI DEMOND McKEE,

        Applicant,

v.

JULIE W. WANDS,

        Respondent.

_____

**ORDER**
_____

       This matter comes before the Court on applicant Kori Demond McKee's

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application")

[Docket No. 2].  Respondent filed a preliminary response to the Application [Docket No.

8] and a response [Docket No. 14] to an Order to Show Cause [Docket No. 10].

Applicant has not filed a traverse.[1]  The Application is ripe for disposition.[2]

       At the time of the Application's filing, applicant was incarcerated at the Bureau of

_____

[1]The Court granted applicant leave to file a traverse on or before January 17,
2011.  *See* Docket No. 15.  The Clerk of the Court mailed the Court's order granting
him leave to file a traverse to the address originally provided by applicant.  *See* Docket
No. 2 at 1.  The order was returned as undeliverable.  *See* Docket No. 16.  It is
applicant's responsibility to notify the Court of any change of address.  *See*
D.C.COLO.LCivR 10.1(M).  On January 4, 2011, the Clerk of the Court re-sent the
order to a different address listed for Mr. McKee on the Bureau of Prisons website.  *See*
Docket No. 17.

[2]Because the material facts are not in dispute, there is no need for an evidentiary
hearing.  *See* 28 U.S.C. § 2243 (a court must hold a hearing at which the applicant is
present, unless the writ and return present only issues of law).

Prisons ("BOP") Federal Correctional Institution located in Florence, Colorado.[3]

Applicant, who is proceeding *pro se*,[4] contends that he was taken into federal custody on October 11, 2007 and that he should receive credit against his federal sentence for the time he spent in custody after that date.

Plaintiff was "taken into federal custody on October 11, 2007, pursuant to a Writ of Habeas Corpus and Prosequendum."  Docket No. 2 at 9 (Dec. 1, 2009 letter to applicant from Probation Office of the United States District Court for the Western District of Texas).  At the time he was taken into federal custody on the writ, applicant was in state custody on a pending burglary case and also had another state case pending against him.  While in federal custody, applicant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in the United States District Court for the Western District of Texas.  On January 25, 2008, applicant was sentenced to forty six months imprisonment in that case.  *See* Docket No. 14-6.

On February 6, 2008, applicant was returned to state authorities.  *See* Docket No. 14-5.  On February 28, 2008, applicant was sentenced to one year imprisonment in both of his state cases, the sentences running concurrently, with one sentence commencing on August 2, 2007 and the other on August 14, 2007.  *See* Docket No. 14-8 at 1-2.  In calculating his state sentence, the State of Texas gave applicant credit for

---

[3]Petitions brought pursuant to 28 U.S.C. § 2241 attack the execution of a sentence and must be filed in the district where the prisoner is confined.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[4]In light of Mr. McKee's *pro se* status, the Court will construe the Application liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

time spent in custody starting in August 2008, which included the time from October 11,

2007 until his return to state authorities on February 6, 2008.  *See* Docket No. 14-8.

Applicant was released from his state sentence on August 12, 2008, at which time his

federal sentence commenced.  *See* Docket No. 14-9.

Section 3585 of Title 18 of the United States Code explains the calculation of

credit for prior custody:

> Credit for prior custody. – A defendant shall be given credit toward the
> service of a term of imprisonment for any time he has spent in official
> detention prior to the date the sentence commences–
>> (1)  as a result of the offense for which the sentence
>> was imposed; or
>> (2)  as a result of any other charge for which the
>> defendant was arrested after the commission of the
>> offense for which the sentence was imposed;
> *that has not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added).  The record reveals that applicant received credit

against his state sentence for all the time he spent in federal custody from October 11,

2007 until February 6, 2008.  Therefore, pursuant to Section 3585(b), he is not entitled

to have that time credited against his federal sentence.

Furthermore, from February 6, 2008 until August 12, 2008, applicant was serving

his state sentence.  Applicant's federal sentence was not ordered to run concurrently

with that sentence.  *See* Docket No. 14-6.  Section 3584(a) of Title 18 of the United

States Code provides that "[m]ultiple terms of imprisonment imposed at different times

run consecutively unless the court orders that the terms are to run concurrently."  18

U.S.C. § 3584(a).[5]  In the absence of an order by the federal court that his sentences

---

[5]"Even if [this Court] construe[s] this provision as applying when one of the
sentences was imposed by a state court, the presumption of concurrent sentences

run concurrently, the consecutive commencement of his federal sentence is lawful.

*See United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008) (concluding that

imposition of a federal sentence consecutive to a state sentence is not unlawful

because the "federal sentence d[id] not 'affirmatively order' concurrent service of his

federal and state sentences"); *see also United States v. Williams*, 46 F.3d 57, 58-59

(10th Cir. 1995) (stating that under § 3584(a), "multiple terms of imprisonment imposed

at different times will normally run consecutively, unless the district court affirmatively

orders that the terms be served concurrently").[6]  Consequently, applicant is not entitled

to credit for the time he spent in state custody between February 6, 2008 and August

12, 2008.

For the foregoing reasons, it is

**ORDERED** that applicant Kori Demond McKee's Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 2] is DENIED.  It is further

**ORDERED** that this case is dismissed with prejudice.

---

affects only sentences 'imposed at the same time,' which was not the case with respect to [applicant's] federal and state sentences."  *United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008) (citation omitted).

[6]There is no indication that the state court intended to have the state sentence run concurrently with the federal sentence.  Even assuming that it did, "the state court's decision cannot alter the federal-court sentence."  *See Eccleston*, 521 F.3d at 1254 ("[T]he determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.'" (quoting *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991)).

4

DATED March 7, 2011.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge